# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW S.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 20-1365-JWL |
| KILOLO KIJAKAZI,[2] ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223, Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's allegations of disabling symptoms, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent herewith.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.    Background**

Plaintiff protectively filed an application for DIB on February 26, 2018.  (R. 10, 224).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in evaluating his allegations of disabling symptoms.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

2

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

  The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The court addresses the error as alleged in Plaintiff's Social Security Brief.

## II.     Discussion

Plaintiff claims the ALJ erred in failing to explain why limitations resulting from symptoms from his headaches were not included in the RFC assessed. (Pl. Br. 8-9). He argues the ALJ recognized his mental impairments of "post-concussion syndrome, headaches, and traumatic brain injury … significantly limited [his] ability to perform basic work activities as required by SSR 85-28." Id. at 9.[3] He points out the ALJ recognized Plaintiff's allegations of daily headaches, but "failed to include relevant limitations that would account for the frequency, duration, and intensity of [his] headaches in [the] RFC." Id. He points out that the ALJ stated he found Plaintiff's

---

[3] Plaintiff cites (R. 19) but the ALJ's finding to which he cites appears at (R. 13).

4

allegations not consistent with the record evidence for the reasons explained in the decision, and argues, "The ALJ decision provided no explanation or foundation for concluding that [Plaintiff]'s allegations concerning the frequency and intensity of his headaches were not supported by the record." (Pl. Br. 10).

The Commissioner argues, on the other hand, "Substantial Evidence Supports the Residual Functional Capacity (RFC) Assessment." (Comm'r Br. 4) (bold and italics omitted). She points to record evidence which in her view supports the ALJ's finding, id. at 4-5, and which does not support Plaintiff's allegations. Id. at 5-6. She argues, "Plaintiff's argument inverts the burden of proof," id. at 5, and "Plaintiff's argument is simply an assertion that the ALJ should have taken his complaints at face value." Id. at 6. She argues, "the Court [sic] 'should, indeed must, exercise common sense.'" Id. (quoting Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012)).

### A.     **Standard for Evaluating a Claimant's Allegations of Symptoms**

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain. This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a

5

>   "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include:

>   the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).[4]

---

[4] Luna, Thompson, Kepler, Talley, Hackett, Wilson, Broadbent, Huston, and Glass were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination." Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529). Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017). Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on February 05, 2020, when this case was decided. Nonetheless, to the extent that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

6

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court in Luna:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).

An ALJ's evaluation of a claimant's allegation of symptoms is generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  Such "determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's evaluation of a claimant's allegation of symptoms, the court will usually defer to the ALJ on such matters.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule").  "However, '[f]indings as to [a claimant's allegations] should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

**B.      Analysis**

As the parties agree, the ALJ noted that Plaintiff alleged he was disabled, in part, by symptoms resulting from daily headaches. (R. 17). The ALJ considered Plaintiff's allegations of symptoms in accordance with Social Security Ruling (SSR) 16-3p and found that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id.

For the next two pages, the ALJ set out her summary of the record medical evidence, including in her summary both Plaintiff's allegations and the medical providers' summaries and findings. Id. at 18-19. In her summary the ALJ set out both positive and negative findings in the medical evidence. Id. The ALJ's decision summarized the medical evidence in a very even-handed way, listing both the medical providers' findings and Plaintiff's reports to the providers on an equal footing. While the ALJ stated both aspects of the record, she did not identify any inconsistencies she relied upon as a basis to discount Plaintiff's allegations of symptoms. Although the ALJ stated she found the allegations "not entirely consistent … for the reasons explained in this decision" (R. 17), she did not explain any specific reasons in her decision. Rather, she merely summarized the facts and left it for the reader to surmise which facts demonstrated inconsistencies and how those inconsistencies supported her finding that Plaintiff's allegations are not entirely consistent. The ALJ's duty is to point out the inconsistencies upon which she relied to discount the claimant's allegations—the court's duty is to determine whether the inconsistencies relied upon are supported by the record evidence.

The ALJ recognized that Plaintiff has mental impairments including post-concussive syndrome or headaches and traumatic brain injury.  She found

> that social restrictions are warranted, but that the claimant is able to perform simple work of the type described in the above residual functional capacity assessment.
>
> The medical evidence of record does not dispute that the claimant has conditions, which singly or in combination, may cause him pain or other difficulties.  What the evidence indicates, however, is that the claimant's <u>symptoms may not</u> be accurately reported, <u>may not</u> exist at the level of severity assumed by the claimant's testimony at hearing and <u>may have</u> other mitigating factors against their negative impact on the claimant's ability to engage in work activity.  The above residual functional capacity, as determined by the undersigned, gives adequate weight to the facts as determined to be consistent with the evidence.
>
> Based upon a consideration of the record as a whole, the undersigned finds that, despite his impairments, the claimant retains the capacity to perform work that is consistent with the above residual functional capacity assessment.

(R. 19) (emphases added).

Here, the ALJ acknowledged that Plaintiff has limitations from his headaches and other mental impairments and found that his alleged symptoms may not be trustworthy for various reasons.  But nowhere in the decision did she explain her bases for discounting these allegations.  Search though it did, the court was unable to discern a reason "in this decision" (R. 17) to discount Plaintiff's allegation of any symptom.

The court does not intend to suggest here that an ALJ must explain a basis to discount each symptom alleged by a claimant, but she must provide reasons to discount the allegations as a whole.  She did not do so here.  Nor does the court intend to suggest that the record demonstrates greater RFC limitations than assessed by the ALJ.  That is

9

not an issue for the court to decide.  Rather, the court merely holds that the ALJ did not properly explain her evaluation of Plaintiff's allegations of symptoms and remand is necessary for a proper evaluation in accordance with SSR 16-3p.  The court feels it is appropriate to express to the Commissioner that this is the second time in three months this court has addressed this identical error in a Social Security disability case.  Stephanie Jean S. v. Kijakazi, Civ. A. No. 20-1349-JWL, 2022 WL 204244 (D. Kan. Jan. 24, 2022).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent herewith.

Dated April 22, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**