IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MATTHEW SCEARCY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| v. | ) |
| | ) **No. 20-1365-JWL** |
| | ) |
| **FRANK BISIGNANO,**[1] | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 26) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b).   Plaintiff's motion is GRANTED, approving a fee in the amount of $22,046.00 pursuant to the Social Security Act.

**I.    Background**

Plaintiff filed a Complaint in this court on December 30, 2020, seeking judicial review of a decision of the Commissioner of the Social Security Administration.   (Doc

---

[1] On May 7, 2025, Mr. Bisignano was sworn in as Commissioner of Social Security.   In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted for Acting Commissioner Lee Dudek as the defendant.   Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1).   After the Commissioner answered and filed the administrative record in this case, Plaintiff filed her Social Security Brief on August 16, 2021.   (Doc. 16).   After the Commissioner responded and Plaintiff replied, the court considered the matter and issued judgment reversing the Commissioner's decision and remanding the case for further proceedings.   (Docs. 22, 23).   After extensive proceedings on remand, the Commissioner issued a fully favorable decision on July 14, 2025, finding Plaintiff became disabled December 19, 2016, through September 24, 2021, and issued an Award Notice on August 6, 2025.   (Pl. Mot. (Doc. 26), Attachs. 3, 4).   The Social Security Administration noted that it awarded past-due benefits of $106,344.00 and "withheld $0.00 from [Plaintiff's] past-due benefits to pay the representative."   Id. Attach. 4, pp. 1-2.   It also noted, "we are paying the representatives [(before the agency)] from the benefits we withheld."   Id. p.2.   Plaintiff now seeks award of attorney fees of $22,046.00 pursuant to § 206(b) of the Social Security Act.   42 U.S.C. § 406(b).

**II.   Legal Standard**

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.   42 U.S.C. § 406(b).   The court has discretion to approve such a fee.   McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).   However, the court has an affirmative duty to allow only so much of the fee as is reasonable.   Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between the plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. <u>Gisbrecht</u>, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. <u>Id.</u> 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>. <u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness

3

fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion see McGraw, 450 F.3d at 505, and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court recently approved 406(b) contingent attorney fees at an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82. Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4,

2021); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

## III.  Discussion

Here, Plaintiff's attorney requests a fee award of $22,046.00—less than the full 25 percent of Plaintiff's past due benefits.  He included a copy of the contingent fee agreement signed by Plaintiff, in which he agreed to a fee of 25 percent of past due benefits.  (Pl. Mot., Attach. 5).  Counsel submitted a listing of the hours expended in prosecuting the case before this court, showing 26 hours of attorney time.  Id., Attach. 6. An award of $22,046.00 would result in an hourly rate of $847.92 and an effective hourly rate in a noncontingent case of only $302.83.  Counsel argues that the skill, competence, expertise, and experience of her and her firm produced a good result in this case and support awarding the fee requested.  Id., Attach. 1, 11-12.

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $22,046.00."  (Doc. 28, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.  Plaintiff has met his burden to prove that award of a fee od $22,046.00 is reasonable in the circumstances present here. The court notes that counsel achieved a good result for Plaintiff in this case.  The court

recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded.   This is particularly true due to the deferential standard applicable in Social Security cases, <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

The court notes that the Award Notice reflects two counsel represented Plaintiff before the Social Security Administration and received fees potentially totaling $9,200.00 from the past due benefits withheld by the agency.   (Pl. Mot., Attach. 4, pp.1-2.  Confusingly, the Award Notice issued by the agency also indicates $0.00 was withheld to pay representative fees.   <u>Id.</u> Attach. 4, p.2.   The fee off $22,046.00 is Plaintiff's responsibility.   The Commissioner will be ordered to pay counsel Plaintiff's fee from remaining past due benefits, if any.   Plaintiff shall then pay counsel any remaining fees due.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee, which in this case was $2,700.00, must be refunded to Plaintiff as the smaller fee.

The court finds that $22,046.00, is a reasonable fee in the circumstances of this case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $22,046.00 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past due benefits withheld.

**IT IS FURTHER ORDERED** that Plaintiff shall pay any remaining fee due.

**AND, IT IS FURTHER ORDERED** that counsel shall refund the EAJA fee award of $2,700.00 to Plaintiff subject to the payment of any remaining liability for fees.

Dated September 16, 2025, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**